**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AUGUST IMAGE LLC, a New York Limited Liability Company,<br><br>Plaintiff,<br><br>      v.<br><br>AM:PM GALLERY, a New York entity of form unknown; and DOES 1-10,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff August Image, LLC ("August"), by and through its undersigned counsel, hereby prays to this Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. August, a photography agency based in New York, NY, is a full-service rights managed collection dedicated to representing an elite group of portrait, lifestyle, beauty, and fashion photographers for editorial and commercial licensing.

5. Upon information and belief, Defendant AM:PM Gallery is a New York entity of form unknown with a principle place of business located at 108 Marcy Ave, Brooklyn, NY 11211. AM:PM owns, operates, and/or controls the commercial website ampmgallery.com and its related/affiliated subdomains, mobile websites, applications, and social media pages, including but not limited to instagram.com/jayboi_1988 and instagram.com/ampmgallery (altogether, "Defendants' Website").

6. Upon information and belief, Defendants Does 1-10 are other parties not yet identified who have infringed Plaintiff's copyrights. The true names, whether corporate, individual, or otherwise, of Defendants Does 1-10 are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

7. Upon information and belief, at all relevant times, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO THE SUBJECT PHOTOGRAPH

8. Timothy White created and owns the original photograph of famed musician Jay-Z at issue in this matter. A true and correct copy of the Subject Photograph is depicted below:

/ / /

/ / /

**Subject Photograph**



9. The Subject Photograph is registered with the U.S. Copyright Office (the "Subject Photograph"), effective prior to the acts of infringement at issue in this matter.

10. August is a full-service photography licensing agency and syndicator, and by virtue of agreements with Timothy White is the exclusive licensing agent and syndicator for the Subject Photograph, is the exclusive owner of the reproduction, distribution, and display rights in

4

and to the Subject Photograph, and has standing to maintain this action under 17 U.S.C. § 501(b).

11. On information and belief, Defendant AM:PM Gallery ("AMPM") is an art gallery in Brooklyn that also operates a commercial store selling artworks, apparel, and collectables.

12. On information and belief, Among these collectibles, AMPM sold figurines called "Jayboi's" of JAY-Z based on his appearance in the photo session that included the Subject Photograph.

13. On information and belief, AMPM advertised and promoted the Jayboi figurines through a dedicated Instagram account, instagram.com/jayboi_1988, on which it advertised the Jayboi figures by reproducing, publicly displaying, distributing, and otherwise exploiting the Subject Photograph without August's authorization or consent. True and correct screen captures of AMPM's infringing use of the Subject Photograph are depicted below ("Infringing Use"):

/ / /

/ / /

**Infringing Uses**





14. To the extent Defendants exploited the Subject Photograph more than three years before the filing of this case, August did not know, and had no reason to know, of such exploitations.

/ / /

**FIRST CLAIM FOR RELIEF**

**(For Copyright Infringement – Against All Defendants, and Each of Them)**

15. August incorporates by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

16. Upon information and belief, Defendants, and each of them, had access to the Subject Photograph, including through August's and or White's websites, social media accounts, profiles, exhibitions, or authorized licensees; and/or third-party websites or Internet search engines. Defendants' access is further evidenced the Subject Photograph's exact reproduction in the Infringing Uses.

17. On information and belief, Defendants, and each of them, copied, reproduced, displayed, and/or distributed the Subject Photograph for commercial purposes without August's authorization or consent including without limitation by publishing the Subject Photograph on AMPM's commercial Instagram account promote the sale of the Jayboi figurines.

18. August further alleges on information and belief that Defendants, and each of them, have created unlawful derivatives of the Subject Photograph including without limitation by cropping and otherwise modifying the Subject Photograph and incorporating it into an advertisement for AMPM's products without August's consent.

19. Due to Defendants' acts of copyright infringement, Defendants, and each of them, have obtained profits they would not have realized but for their infringement. As such, Plaintiff is entitled to disgorgement of Defendants' profits attributable to the infringement in an amount to be established at trial.

20. Upon information and belief, Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of, or with reckless disregard or

willful blindness for, Plaintiff's rights in the Subject Photograph, such that said acts of copyright infringement were willful.

21. August is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, August will make its election between actual damages and statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

a. That Defendants, each of them, their respective agents, and/or anyone else working on behalf of or in concert with Defendants or their respective agents, be enjoined from further exploiting the Subject Photograph for commercial purposes in any manner without Plaintiff's authorization absent some independent legal right;

b. That Plaintiff be awarded all Defendants' profits, and all Plaintiff's losses, attributable to Defendants' infringement, the exact sum to be proven at the time of trial; or alternatively, if elected, statutory damages as available under 17 U.S.C. § 504;

c. That Plaintiff be awarded its fees as available under 17 U.S.C. § 505;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the

Court deems proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: New York, New York
November 20, 2025

Respectfully submitted,

DONIGER / BURROUGHS

By: /s/ *David M.S. Jenkins*
David M.S. Jenkins, Esq.
247 Water Street, First Floor
New York, NY 10038
(310) 590-1820
djenkins@donigerlawfirm.com
*Attorneys for Plaintiff*